UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YONG GUO JIN,

   Plaintiff,          MEMORANDUM & ORDER
v.                 05-CV-4201 (NGG)

EBI, INC., TRICIA YOO MATUSZAK,
YOO CHANG HAN IMMIGRATION
SERVICE and CHANG HAN YOO,

   Defendants.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

  Defendants EBI, Inc. ("EBI"), Tricia Yoo Matuszak ("Matuszak"), Yoo Chang Han Immigration Service ("YCH"), and Chang Han Yoo ("Yoo", collectively "Defendants") have moved to dismiss the Complaint brought by Plaintiff Yong Guo Jin ("Plaintiff") on the grounds that (1) subject matter jurisdiction is lacking pursuant to Fed. R. Civ. P. 12(b)(1); (2) the court lacks personal jurisdiction over Defendants under Fed. R. Civ. P. 12(b)(2); (3) YCH should be dismissed as a Defendant since it is not a legal entity that has the capacity to be sued; (4) there has been insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5); and (5) Plaintiff has failed to state a claim pursuant to Rule 12(b)(6). For the reasons set forth below, the Defendants' motion is GRANTED in part and DENIED in part.

**I. FACTUAL BACKGROUND**

  As this is a motion to dismiss under Fed. R. Civ. P. 12(b), I recite the facts as set forth by Plaintiff in his Complaint and supporting documents.

  In January 2002, Plaintiff asked Defendants whether they could help him adjust his immigration status to become a lawful permanent resident and obtain a lawful resident card ("green card"). (Compl. ¶¶ 11, 15.) Assured by Defendants that they could assist Plaintiff in

securing a green card, Plaintiff signed a contract with Defendants on March 8, 2002 in which Defendants agreed to help Plaintiff obtain a green card in consideration for Plaintiff's payment to Defendants of $30,000 and some additional fees. (Id. ¶¶ 15, 16.) Plaintiff contends that he was induced into signing the contract by Defendants' misrepresentation that he could receive a green card despite the fact that changes in immigration law foreclosed his ability to receive a green card.[1] (Id. ¶ 15.)

Defendants filed the Immigrant Petition for Alien Worker ("Form I-140") on March 30, 2002 and an Application to Register Permanent Residence or Adjust Status ("Form I-485" or "I-485") on July 3, 2003 on Plaintiff's behalf. (Id. ¶ 17.) The I-485 application was denied by the government after Plaintiff paid a $1,305.00 filing fee for the application, which Plaintiff contends included a $1,000 filing penalty that should have put Defendants on notice that his application was futile. (Id. ¶¶ 17, 18.)

Plaintiff authorized Defendants to refile Form I-485 after Defendants told Plaintiff that the government had made a mistake. He again paid the $1,305.00 filing fee, and his application was again denied. (Id. ¶¶ 19, 20.) Plaintiff then asked Defendants for a refund of the fees he had paid and hired an attorney who sent a letter to Defendants on June 20, 2005 alleging that Defendants fraudulently induced Plaintiff to sign the contract and insisting that the fees be refunded to Plaintiff. (Id. ¶ 21.)

As a result of believing he had been cheated out of more than $30,000, Plaintiff became

---

[1] Plaintiff alleges that his green card application was futile because, unbeknownst to Plaintiff, an immigrant seeking to adjust status to become a lawful permanent resident must have filed a visa qualification petition prior to April 30, 2001, which Plaintiff had not done. (Compl. ¶¶ 11, 15.)

upset, sick and disabled, and continues to be unable to perform his regular job as a truck driver because he cannot concentrate and his hands shake continuously. (Id. ¶ 21, 22.) Plaintiff now suffers from depression, anxiety, insomnia, impotence, has attempted suicide, and he has lost his wife. (Id. ¶ 23.) Plaintiff has been diagnosed with adjustment disorder with mixed anxiety and depression, for which he is under medical treatment. (Id. ¶ 24, Ex. 10.) Plaintiff alleges that Defendants are liable for the amount he paid them and fees paid to file the immigration applications, and for his physical condition resulting from his mental distress. Plaintiff seeks compensatory, incidental, and punitive damages in the amount of $3,000,000.

## II. ANALYSIS

Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(1), (2), (4), (5), and (6). Some of these grounds are frivolous, but others require this court to dismiss the Plaintiff's complaint without prejudice to provide Plaintiff the opportunity to amend the complaint. This court shall first address to what extent each of Plaintiff's causes of action state a claim upon which relief can be granted under 12(b)(6). I shall then assess whether the surviving claim is subject to dismissal under 12(b)(1), (2), (4), and (5).

### A. Legal Standard for Motion to Dismiss Under 12(b)(6)

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "is inappropriate unless it appears beyond doubt that the plaintiff can prove no sets of facts which would entitle him or her to relief." Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). To survive a motion to dismiss, a complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory. See Connolly v. Havens, 763 F. Supp. 6, 9 (S.D.N.Y. 1991). Although Fed. R. Civ. P. 8 requires only that a complaint contain a short and plain statement of the claim that will give the defendant fair notice of a plaintiff's claim and the ground upon which

3

it rests, "the District Court has no obligation to create, unaided by plaintiff, new legal theories to support a complaint." Id. at 6 (quoting District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1081-82 (D.C. Cir. 1984)).

In the instant case, Plaintiff states three causes of action. This court will consider each in turn.

### 1. Fraudulent Misrepresentation

To prove fraudulent representation under New York law, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank, 57 F.3d 146, 153 (2d Cir. 1995). In cases that allege fraud by concealment, a plaintiff must also prove that the defendant had a duty to disclose the material information. Brass v. American Film Technologies, Inc., 987 F.2d 142, 152 (2d Cir. 1993); Gurnee v. Hasbrouck, 195 N.E. 683 (N.Y. 1935). Each element of a fraud claim must be shown by clear and convincing evidence. Leucadia, Inc. v. Reliance Ins. Co., 864 F.2d 964, 971 (2d Cir. 1988) (citing Hutt v. Lumbermens Mut. Casualty Co., 466 N.Y.S.2d 28 (2nd Dep't 1983)).

Reading the facts in the light most favorable to Plaintiff, Plaintiff's allegations support a claim for fraudulent misrepresentation or fraudulent misrepresentation by concealment, but his Complaint fails to meet the heightened pleading standards for fraud claims. The gravamen of Plaintiff's claim is that he was induced into signing a contract that entailed a promise of a green card by Defendants that was futile from its inception, and that the Defendants defrauded Plaintiff into paying the fees and costs of the application with knowledge of their service's futility from their expertise in immigration services and the first rejection by the government of Plaintiff's

immigration papers. I am persuaded that Plaintiff's factual allegations may state a fraud claim.

However, Plaintiff's Complaint fails to plead fraud with particularity, pursuant to Fed. R. Civ. P. 9(b), which "requires that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,' an exception to the generally liberal scope of pleadings allowed by Rule 8, Fed. R. Civ. P." Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986) (citing Ross v. A.H. Robins Co., 607 F.2d 545, 557 (2d Cir. 1979)). In order to satisfy the requirements of Rule 9(b), a plaintiff alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). Additionally, where multiple defendants are alleged to have committed fraud, a plaintiff must allege "specifically the fraud perpetrated by each defendant." Simon v. Castello, 95-CV-1959, 1997 U.S. Dist. LEXIS 3768, at *106 (S.D.N.Y. Mar. 31 1997) (quoting Natowitz v. Mehlman, 542 F. Supp. 674, 676 (S.D.N.Y. 1982).). Although Plaintiff explains how Defendants' statements or concealment of statements could be fraudulent, Plaintiff has not satisfied the particularity requirements requisite for a fraud pleading. Therefore, Defendants' motion to dismiss for failure to state a cause of action is GRANTED with respect to Plaintiff's claim of fraudulent misrepresentation without prejudice, and Plaintiff is given leave to file an amended complaint properly pleading such a claim within thirty (30) days.

### 2. Piercing the Corporate Veil

Plaintiff's second and third causes of action are for "piercing the corporate veil" against EBI /Matuszak and YCH/Yoo must be dimissed. (Compl. ¶ 7.) Piercing the corporate veil is not a cause of action under federal or New York law. See Securities Investor Protection Corp. v.

5

Stratton Oakmont, Inc., 234 B.R. 293, 321 (Bankr. S.D.N.Y. 1999) ("piercing the corporate veil . . . is not, in and of itself, an independent cause of action"); see also American Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997) (citing Morris v. New York State Dep't of Taxation & Fin., 82 N.Y.2d 135, 141, 623 N.E.2d 1157, 603 N.Y.S.2d 807 (1993); Feitshans v. Kahn, 2006 U.S. Dist. LEXIS 68633 at *14-15 (S.D.N.Y. 2006).

Therefore, Defendants' motion to dismiss causes of action two and three against EBI/Matuszak and YCH/Yoo, respectively, under Rule 12(b)(6) is GRANTED.

### B. Subject Matter Jurisdiction Under Rule 12(b)(1)

Defendants argue that Plaintiff's Complaint should be dismissed on the basis of Rule 12(b)(1) because the "face of the complaint" does not permit a determination that the amount in controversy can be recovered "to a legal certainty." 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" in diversity cases); Hall v. EarthLink Network, Inc., 396 F.3d 500, n. 5 (2d Cir. 2005) ("[I]f a court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered to a legal certainty, the case is dismissed for lack of subject matter jurisdiction") (internal citations omitted); see also Scherer v. Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 397 (2d Cir. 2003).

Defendant's motion to dismiss on this ground must be denied, because Plaintiff's allegations meet the threshold requirement under diversity jurisdiction that a plaintiff establish damages in excess of $75,000. The authority relied on by Defendants to argue that Plaintiff could only possibly receive the $36,000 in economic damages and none of the claimed $3,000,000 in damages for pain and suffering, emotional distress, and punitive damages does not foreclose an award of damages that meets the amount in controversy requirement. It is true that

Plaintiff has a high bar to pass under New York law to collect anything but out-of-pocket or actual pecuniary losses. See Bennett v. United States Trust Co. of New York, 770 F.2d 308, 316 (2d Cir. 1985) (fraud damages must be independent of other causes); Kregos v. Associated Press, 3 F.3d 656, 665 (2d Cir. 1993) (New York law typically awards only out-of-pocket expenses in fraud cases); Idrees v. American University of the Caribbean, 546 F. Supp. 1342, 1350 (S.D.N.Y. 1982) (damages for fraud must be the direct, immediate, and proximate result of the fraudulent misrepresentation).

Nonetheless, because this is a motion to dismiss, and this court is required to construe all facts in a light most favorable to the Plaintiff, I find that Plaintiff's Complaint should not be dismissed based on lack of subject matter jurisdiction. To dismiss a complaint alleging diversity jurisdiction on the ground that the case in controversy requirement is not met, "[t]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 786 (2d Cir. 1994).

Therefore, Defendants' motion to dismiss on 12(b)(1) grounds is DENIED with prejudice.

### C. Personal Jurisdiction - 12(b)(2)

Because this court has dismissed causes of action two and three, the only defendants for whom personal jurisdiction must be established are EBI and YCH. First, this court must address Defendants' claims that YCH is not a separate legal entity from EBI and thus claims against it should be dismissed. Defendants argue that YCH is simply an English translation of a Korean nickname that some of EBI's customers use to refer to EBI. (Defs.' Mem. Law, 12.) Because

Plaintiff alleges that EBI is a California company and that YCH is a Maryland company and the exclusive East Coast agent of EBI, and provides separate addresses for each company, this court reads the Complaint as having established a prima facie case that YCH and EBI are separate entities. Any conclusion to the contrary would necessitate fact finding that will come out in the course of discovery and is not proper on a motion to dismiss.

As for establishing personal jurisdiction over EBI and YCH, the Second Circuit has held that a plaintiff's complaint need not allege particularized facts to support personal jurisdiction over the defendants in order to survive a motion to dismiss, so long as there is a possibility that personal jurisdiction may be proven later through discovery. PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). At the complaint stage, the plaintiff need only state facts "sufficient to support a reasonable inference that the defendant may be subject to personal jurisdiction within the state." Sultanik v. Cobden Chadwick, Inc., 94 F.R.D. 123, 124 (E.D.N.Y. 1982).

Plaintiff must still rely on New York's long arm statute under N.Y. CPLR §§ 301-302 in order to establish personal jurisdiction in New York over a foreign corporation. Traditionally, in order to be eligible for personal jurisdiction under § 301 as a foreign corporation doing business in New York, defendant must have an office, a bank account, property, or agents New York in order to prove that it is engaged in continuous and systematic business in New York. Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990); see also Brown v. Ghost Town in The Sky, 01-CV-0189 (JG), 2001 U.S. Dist. LEXIS 14247, at *4-5 (E.D.N.Y. Aug. 23, 2001).

However, "solicitation of business alone will not justify a finding of corporate presence in New York." Landoil at 1043 (citations omitted). As Defendants point out, a plaintiff alleging

8

personal jurisdiction based on solicitation must pass the solicitation plus-test, which requires showing that solicitation was "substantial and continuous" and that the corporation "engages in other activities of substance in the state." Brown at *5.

Alternatively, New York's long arm statute will apply if Defendant "contract[ed] anywhere to supply goods or services in [New York]." N.Y. CPLR § 302(a)(1). This clause does not require that the defendant ever be present in New York, so long as the service they contract to provide, which is the basis of the claim, is to be performed in New York. Volkart Bros., Inc. v. M/V "Palm Trader", 88-CV-7527 (RLC), 1989 U.S. Dist. LEXIS 3575 at *10 (S.D.N.Y. April 6, 1989). In Volkart, the defendant was a foreign carrier company that had contracted to deliver cargo by ship to New York. Id. at *3. Even though the contract was to be performed without an agent of the defendant ever entering New York State and without payment being tendered in New York, the court held that the contract itself was sufficient to subject the defendant to New York's jurisdiction. Id. at *10.

Furthermore, plaintiffs may establish jurisdiction based on torts committed outside of New York causing injuries within New York if the defendant "derives substantial revenue from goods consumed or services rendered, in the state."[2] N.Y. CPLR § 302(a)(3)(i). Substantial revenue can be measured in an absolute or relative sense or by qualitative or quantitative means. Even if the amount of revenue a company generates in New York is only one percent of its total revenue, it can still be considered substantial if the absolute amount appears substantial. Ball v.

---

[2]But note that under § 302(a)(2), courts have consistently construed that fraudulent misrepresentations made out of state that inflict injury in New York do not support jurisdiction. Barricade Books, Inc. v. Langberg, 95-CV-8906 (NRB) 2000 U.S. Dist. LEXIS 18279, at *10 (S.D.N.Y. Dec. 19, 2000); Bialek v. Racal-Milgo, Inc., 545 F. Supp. 25, 35 (S.D.N.Y. 1982) (no § 302(a)(2) jurisdiction because defendant charged with fraud was out of state when he allegedly made the fraudulent statements).

9

Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 199 (2d Cir. 1990) ("substantial revenue in either an absolute or relative sense will support long-arm jurisdiction"); Nichols v. Surgitool, Inc., 419 F. Supp. 58, 62 (W.D.N.Y. 1970) (holding that the New York revenue, although only seven percent of the company's total, is substantial because the aggregate dollar volume "was not insignificant"); see also Allen v. Canadian General Elec. Co., 65 A.D.2d 39, 42-43, 410 N.Y.S.2d 707, 708 (N.Y. App. Div. 1978) aff'd mem., 409 N.E.2d 998, 50 N.Y.2d 935, 431 N.Y.S.2d 526 (N.Y. 1980).

A glaring problem in Plaintiff's complaint (in addition to not mentioning on what grounds the court has personal jurisdiction over Defendants) is that Plaintiff does not plead sufficient facts to get past the solicitation-plus test of Section 301, the "providing services in New York" test of Section 302(a)(1), or the substantial revenue test of section 302(a)(3)(i). Instead, he merely asserts that EBI has "always been soliciting business in New York City by placing advertisement at [sic] the New York Korean Yellow Pages and the Korea Times New York Business Directory." (Compl. ¶ 2) But solicitation alone is insufficient to establish long-arm jurisdiction in New York. In his Reply to the Motion to Dismiss, Plaintiff does hint at the existence of either substantial revenue, providing services, and/or solicitation plus, but provides no evidence to support these hints.

This court is ordinarily reluctant to dismiss a case on the basis of lack of personal jurisdiction if there is a chance that it might be present; however, in this case there is no alternative. Because this court lacks personal jurisdiction as a matter of New York law, this court will not address personal jurisdiction under the United States Constitution.

Defendants' motion to dismiss for lack of personal jurisdiction is therefore GRANTED as to EBI and YCH without prejudice and Plaintiff is granted leave to amend his Complaint

within thirty (30) days in order to establish personal jurisdiction under New York law.

### D. Insufficiency of Process

Defendant further attacks Plaintiff's action under Rule 12(b)(4) based on insufficiency of process. Under the Federal Rules of Civil Procedure, a "summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney. . . . [and] shall also state the time within which the defendant must appear and defend. . . . The court may allow a summons to be amended." Fed. R. Civ. P. 4(a).

"Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement." Barron v. Miami Executive Towers Assoc. Ltd Partnership, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) (citations omitted). In Barron, a defendant was dismissed from an action because he received only a complaint but no summons. Id.

While the Defendants in the instant case claim that they also did not receive summonses, in fact they most likely received defective summonses, a circumstance that is handled differently. "Harmless errors that otherwise give a defendant proper notice, such as misspelling the defendant's name or referring the defendant to the complaint for the proper caption, are clearly amendable *nunc pro tunc* under Rule 4(b)." Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (citations omitted). As Plaintiff has alleged a proper service of a summons, and viewing the facts in the light most favorable to the plaintiff on a motion to dismiss, this court must assume that Defendants received proper summonses unless or until Defendants are able to prove otherwise through discovery.

Therefore, Defendants' motion to dismiss on the ground of insufficiency of process under Rule 12(b)(4) is DENIED without prejudice.

**E. Insufficiency of Service of Process**

I will not address Yoo's insufficiency of service of process claim because the "cause of action" of piercing the corporate veil against him has been dismissed with prejudice. However, I will address the Rule 12(b)(5) argument made by EBI. With respect to service of process upon corporate defendants, the Federal Rules of Civil Procedure require that the summons must be delivered to an "officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or by any other means outlined by the law of the forum state or the state in which the service occurs. Fed R. Civ. P. 4(h).

Service upon EBI may have been proper if it complied with the laws of New York as the forum state or the laws of California (where service was attempted at EBI's Los Angeles office). According to N.Y. CPLR § 311, service upon a corporation is expanded beyond the federal rules only in that a cashier or assistant cashier may also receive process on behalf of a corporate defendant. This expansion is not helpful in the instant case because no cashier was involved. In California, service upon a corporate defendant may be made to anyone authorized by the corporation to receive service of process. Cal. Code of Civ. P. § 416.10.

In Melkaz International v. Flavor Innovation, Judge Bartels held that it is New York's policy to flexibly interpret the rules regarding service of process on a corporate defendant, such that if service is made on an unauthorized employee, redelivery within the corporation from the unauthorized employee to an authorized one may render service proper. 167 F.R.D. 634, 641 (E.D.N.Y. 1996) ("Service on a corporation will be upheld if: a) the process server acts with due

diligence in attempting to fulfill the statutory requirements of personal delivery, i.e. he or she ascertains that the recipient is a company employee; b) the process server nevertheless serves a person not authorized to accept service; and c) the recipient redelivers the papers to one who is authorized to accept service.") (citations omitted). This allowance has been made in many cases where the employee of the corporation to receive the original service was a secretary or receptionist. Id. at 642.

In the instant case, according to the Proof of Service of Summons, the process server appears to have fulfilled statutory requirements and acted with due diligence (including having completed the Proof of Service of Summons) and ascertained that the administrative assistant to whom he handed the Summons and Complaint was a company employee. That EBI's administrative assistant redelivered the papers to one authorized to accept service is evidenced by the fact that the Defendants were able to file responses to the Complaint and therefore must have had notice of the filing of the Complaint in a timely fashion.

Therefore, EBI's motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(5) on the ground of insufficiency of service of process is DENIED with prejudice.

## IV.     Conclusion

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants' motion to dismiss under 12(b)(6) is GRANTED with respect to the first cause of action for failure to properly plead fraud, with leave for Plaintiff to file an amended complaint within thirty (30) days of this order. Defendants' motion to dismiss Plaintiff's second and third causes of action under 12(b)(6) is GRANTED. Defendants' motion to dismiss is DENIED under Rules 12(b)(2), 12(b)(4), and 12(b)(5). Defendants' motion to

dismiss under 12(b)(2) is GRANTED with respect to Plaintiff's first cause of action with leave for Plaintiff to file an amended complaint within thirty (30) days of this order. If Plaintiff does not file an amended complaint properly pleading fraudulent misrepresentation and establishing personal jurisdiction under New York law within thirty (30) days, this action will be dismissed in its entirety for failure to prosecute.

SO ORDERED.

Dated: October 17, 2006 /s/
      Brooklyn, N.Y. Nicholas G. Garaufis
                                                           United States District Judge