UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

YONG GUO JIN,

          Plaintiff,

    -against-

EBI, INC., TRICIA YOO MATUSZAK, YOO
CHANG HAN IMMIGRATION SERVICE,
and CHANG HAN YOO,

          Defendants.

---------------------------------------------------------X

MEMORANDUM
AND ORDER

05-CV-4201 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

On October 17, 2006, the court issued an Order, familiarity with which is assumed, dismissing all of the claims in Plaintiff Yong Guo Jin's ("Jin") Complaint against Defendants EBI, Inc. ("EBI"), Tricia Yoo Matuszak ("Matuszak"), Yoo Chang Han Immigration Service, and Chang Han Yoo ("Yoo"). The court, however, granted Jin leave to amend his Complaint (1) to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b); and (2) to establish that the court had personal jurisdiction over Defendants under the law of the State of New York. (Memorandum & Order dated October 17, 2006 ("October 17 Order") (Docket Entry # 14) at 5, 10-11.)

Jin has now filed an Amended Complaint that amends his claim for fraudulent misrepresentation and adds two additional claims — a claim for *prima facie* tort against all Defendants and a claim for breach of contract against Defendants EBI and Yoo Chang Han Immigration Service. (First Amended Verified Complaint ("Am. Compl.") (Docket Entry # 15).)

1

In addition, whereas Jin's original claim for fraudulent misrepresentation was asserted only against Defendants EBI and Yoo Chang Han Immigration Service, Jin has now added Matuszak and Yoo as defendants on that claim. (Am. Compl. ¶¶ 28-39; Verified Complaint ("Compl.") (Docket Entry # 1) ¶¶ 25-32.)

Defendants EBI, Yoo, and Matuszak have now filed motions to dismiss. Defendant Yoo Chang Han Immigration Service has not filed a motion to dismiss. EBI, in fact, claims that Yoo Chang Han Immigration Service does not exist and is therefore not amenable to suit. (EBI's Memorandum of Law in Support of Motion to Dismiss Claims in the First Amended Verified Complaint ("EBI Mem.") (Docket Entry # 27) at 2 n.1.)

EBI argues in its motion that (1) Jin has failed to demonstrate that the court has personal jurisdiction over it and the Amended Complaint must therefore be dismissed as against it under Fed. R. Civ. P. 12(b)(2); (2) the Amended Complaint must in any case be dismissed as against EBI for insufficient process under Fed. R. Civ. P. 12(b)(4); and (3) Jin's claims of *prima facie* tort and breach of contract must be dismissed as against EBI because the court did not grant Jin leave to include them in his Amended Complaint. (See EBI Mem.) Yoo and Matuszak echo EBI's arguments and argue in addition that (1) Jin's claim of fraudulent misrepresentation must be dismissed as against them because the court did not grant Jin leave to add them as defendants on that claim; (2) the Amended Complaint must be dismissed as against them for insufficient service of process under Fed. R. Civ. P. 12(b)(5); and (3) Jin's claims for fraudulent misrepresentation and *prima facie* tort must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (See Tricia Matuszak's and Chang Han Yoo's Memorandum of Law in Support of Motion to Dismiss Claims in the First Amended

Verified Complaint (Docket Entry # 28).)

Because the allegations in the Amended Complaint are insufficient to establish that the court has personal jurisdiction over any of the Defendants, the Amended Complaint must be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(2).[1]

## I.    DISCUSSION

Before discovery, a plaintiff must plead in good faith "legally sufficient allegations of jurisdiction" in order to defeat a defendant's motion to dismiss for lack of personal jurisdiction. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). These allegations, however, must constitute more than mere legal conclusions restated as statements of fact. Jazini v. Nissan Motor Co., 148 F.3d 181, 184-85 (2d Cir. 1998) ("The [plaintiff's] conclusory statements — without any supporting facts — that Nissan U.S.A. is 'wholly controlled' by Nissan Japan and 'wholly dependent' on Nissan Japan 'for its business plan and financing,' are but a restatement of two of the factors to be considered under the standards set forth in Beech Aircraft"). The plaintiff must actually "allege facts constituting a *prima facie* showing of personal jurisdiction." PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). Conclusory allegations showing the presence of jurisdiction, "particularly those stated only upon 'information and belief,' " are insufficient to establish that the court has personal jurisdiction over the defendant. Chong v. Healthtronics, Inc., No. 06-CV-1287 (SJF), 2007 WL 1836831, at *5 (E.D.N.Y. June 20, 2007).

In its October 17 Order, the court stated that although it "is ordinarily reluctant to dismiss

---

[1] Because the court is dismissing Jin's Amended Complaint on this basis, the court will not consider Defendants' other arguments for dismissal.

a case on the basis of lack of personal jurisdiction if there is a chance that it might be present," it had no choice other than to dismiss Jin's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) because of the Complaint's complete lack of factual allegations regarding personal jurisdiction. The court, however, did grant Jin leave to amend his Complaint to provide such factual allegations. (October 17 Order at 10-11.)

The allegations in the Amended Complaint, however, are still insufficient to meet Jin's burden to defeat Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2). Instead of providing the court with facts sufficient to justify its exercise of jurisdiction, Jin has simply phrased legal conclusions as statements of fact, stating, for example, that Defendants "contracted . . . to supply services in the State of New York"[2] and that Defendants "have derived substantial revenue from their immigration services performed in New York." (Am. Compl. ¶¶ 10-11.) These conclusory allegations are plainly insufficient to meet Jin's burden to defeat Defendants' motions. See Jazini, 8 F.3d at 184-85.[3] Likewise, Jin's statement upon "information and belief"

---

[2] This is the legal standard set forth in N.Y. C.P.L.R. which provides for jurisdiction over a defendant who "contracts anywhere to supply goods or services within the state." N.Y. C.P.L.R. 302(a)(1). Jin has not put made any factual allegations to support his claim that Defendants supplied Jin with any service in the New York; the job they obtained for him with Empire Kosher Poultry, for example, was in Pennsylvania. (See Compl., Exh. 4.)

[3] In his memorandum of law, Jin includes other factual allegations that might support the court's jurisdiction over Defendants. For example, (1) the Korean Daily published an article on July 27, 2006 stating that EBI does business in New York and that many Koreans in the New York area have retained its services; (2) Jin's lawyer was contacted by an Assistant District Attorney from Maryland who informed him that there were numerous victims of fraud by EBI in the New York area; and (3) Jin's lawyer was informed recently that EBI at one time had a local agent in New York who encouraged Jin and his friends to make a trip to Maryland to become clients of EBI. (Memorandum of Law in Opposition to Defendants' Motion to Dismiss Claims in the First Amended Complaint (Docket Entry # 29) at 9-10.) Generally, on a motion to dismiss, the district court may consider facts included in the complaint or in any document attached to the complaint, or incorporated by reference in the complaint. Rothman v. Gregor,

that Defendants have "maintained an office, a bank account, property and/or agents" in New York is insufficient to demonstrate that Defendants are subject to personal jurisdiction in New York. See Chong, 2007 WL 1836831, at *5.[4]

Jin has asked the court to look past his defective allegations of personal jurisdiction and to allow him the opportunity for discovery on the issue of personal jurisdiction. However, given that Jin has not made a *prima facie* showing of jurisdiction, it would be inappropriate to allow him discovery on this issue. See Hansen v. Neumueller GmbH, 163 F.R.D. 471, 475-77 (D. Del. 1995) (discussing when a plaintiff is entitled to jurisdictional discovery; plaintiff must present "some competent evidence to demonstrate that personal jurisdiction over the defendant might exist").

## II. CONCLUSION

For the reasons set forth above, the court GRANTS all Defendants' motions for dismissal of Jin's Amended Complaint under Fed. R. Civ. P. 12(b)(2).

SO ORDERED.

Dated: March 28, 2008
Brooklyn, N.Y.

/signed/
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

220 F.3d 81, 88 (2d Cir. 2000). On a motion to dismiss under Fed. R. Civ. P. 12(b)(2) a court may also consider affidavits submitted by the parties. See PDK Labs, 103 F.3d at 1108. Jin may not, however, rely on the unsworn statements in his memorandum of law in order to make a *prima facie* showing of personal jurisdiction.

[4] As explained in the October 17, Order, that Defendants advertised in New York or caused Jin harm in New York is insufficient to demonstrate that the court has personal jurisdiction over Defendants. (October 17 Order at 8-10.)